18486

Margaret C. McGEE, Respondent, v. COLONIAL PIPELINE CO. *et al.*, of which Hess Oil and Chemical Corporation is, Appellant

(147 S. E. (2d) 645)

*Messrs. Holcombe & Bomar,* of Spartanburg, *for Appellant,*

*E. C. Burnett, Jr., Esq.,* of Spartanburg, *for Respondent,*

April 7, 1966.

LEGGE, Acting Associate Justice.

Respondent brought this tort action against Colonial Pipeline Company and Hess Oil & Chemical Corporation alleging that as the result of their negligent and dangerous operations her home had been damaged by fire and smoke and its value had been depreciated.

Each defendant having moved, unsuccessfully, for a directed verdict upon the ground that no actionable negligence or wilfulness had been proven, the case was submitted to the jury, with the result that a verdict was returned against Colonial for $3,000.00 actual and $2,000.00 punitive damages and against Hess for $500.00 actual and $500.00 punitive damages. Motions for judgment notwithstanding the verdict were made upon the same ground that had been urged in support of the motions for directed verdict, and they were likewise denied. Hess alone has appealed, charging that the trial judge erred in denying its motions before mentioned.

The essential facts are undisputed. Respondent's home in Spartanburg County is located about a quarter of a mile east of a stream known as Kelsey Creek, the flow of which is southward. Several hundred feet upstream from this point Kelsey Creek is joined, from the east, by another creek or branch. Colonial's petroleum storage facilities are located some distance up the east fork; Hess' petroleum storage and loading facilities are located on the north fork (Kelsey Creek) some distance upstream from its confluence with the east fork.

On November 17, 1963, a highly inflammable petroleum product leaked from Colonial's storage facilities and, entering the east fork before mentioned, flowed into Kelsey Creek, which at that time was in flood and overflowing its banks. This substance, continuing downstream, covered the surface

of the creek above and below respondent's property, and a strong odor, as of gasoline; pervaded the neighborhood. That evening there occurred several violent explosions; the surface of the creek ignited; and fire spread throughout a large area, causing damage to trees, shrubbery, lawns and buildings. Respondent's house was, by hosing, saved from burning; but it was damaged by smoke and falling debris. It is undisputed that Hess was in nowise responsible for the presence of this inflammable substance in the creek, or for the fire and damage resulting therefrom.

On January 7, 1964, a highly inflammable petroleum product trickled out of a pipe in the storage facilities of Hess and flowed into Kelsey Creek; and a strong odor of petroleum pervaded the neighborhood of respondent's residence. No fire occurred; and the testimony, without contradiction, was to the effect that after January 7 the odor was not noticeable generally, although for another day or so it could be detected where the receding waters of the creek had left puddles on or near its banks.

It is axiomatic that the storage, handling or other use of a potentially dangerous product requires a degree of care commensurate with the danger. *Cf. Eargle v. Sumter Lighting Co.,* 110 S. C. 560, 96 S. E. 909. By their verdict, the jury found both Colonial· and Hess guilty of negligence in the storage or handling of petroleum products. As before stated, Colonial has accepted the verdict. Whether or not there was any evidence from which negligence on the part of Hess might reasonably be inferred is a question that we need not decide; for there is no evidence in the record before us to support the inference that such negligence, if there was any, resulted in damage to respondent's property or depreciation of its value. Nor does the record afford any support to respondent's argument that Hess' negligence on January 7, 1964 combined or contributed with that of Colonial on November 17, 1963, to cause the damage complained of. On the contrary, proof that there was any

connection whatever between the two incidents before mentioned is wholly lacking.

The judgment of the lower court is reversed and the cause is remanded for entry of judgment in favor of the appellant.

Moss, Acting C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.